___



**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: May 22, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.
___

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | |
| **MARY S. WEST,** | **CASE NO. 12-01134-NPO** |
| **DEBTOR.** | **CHAPTER 13** |
| **MARY S. WEST** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 13-00035-NPO** |
| **GJ TAX SALE PROPERTIES, LLC;** | |
| **JEREMY EPHION, WILKINSON COUNTY** | |
| **TAX ASSESSOR/COLLECTOR; AND** | |
| **THOMAS C. TOLLIVER, JR., WILKINSON** | |
| **COUNTY CHANCERY CLERK** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART THE DEBTOR SUMMARY JUDGMENT MOTION AND (2) DENYING THE GJ SUMMARY JUDGMENT MOTION

Before the Court are cross-motions for summary judgment filed by parties in the above-styled adversary proceeding (the "Adversary"). The relevant pleadings related to the relief requested are the Amended Complaint to Set Aside Tax Sale (the "Complaint") (Adv. Dkt. 24)[1]

---

[1] Citations to the record are as follows: (1) citations to docket entries in the Adversary are cited as "(Adv. Dkt. ___)"; and (2) citations to docket entries in the main bankruptcy case, Case No. 12-01134-NPO (the "Bankruptcy Case"), are cited as "(Bankr. Dkt. ___)".

filed by Mary S. West (the "Debtor"); the Answer to Amended Complaint to Set Aside Tax Sale, Counterclaim and Cross-Claim (Adv. Dkt. 25) (the "GJ Answer, Counterclaim, and Cross-Claim") filed by GJ Tax Sale Properties, LLC ("GJ"); the Answer to Amended Complaint (the "Ephion/Tolliver Answer") (Adv. Dkt. 27) filed jointly by Jeremy Ephion, Wikinson County Tax Assessor/Collector ("Ephion") and Thomas C. Tolliver, Jr., Wilkinson County Chancery Clerk ("Tolliver"); the Answer to Cross-Claim (the "Tolliver Answer to Cross-Claim") (Adv. Dkt. 26) filed individually by Tolliver; the Motion for Summary Judgment (the "GJ Summary Judgment Motion") (Adv. Dkt. 28) filed by GJ; the Brief in Support of Motion for Summary Judgment (the "GJ Brief") (Adv. Dkt. 29) filed by GJ; the Combined Plaintiff's Response to Motion for Summary Judgment, Counter-Motion for Summary Judgment, and Brief (Adv. Dkt. 31) filed by the Debtor; the Combined Plaintiff's Response to Motion for Summary Judgment, Counter-Motion for Summary Judgment, and Brief (Adv. Dkt. 32) (the "Debtor Summary Judgment Motion") filed by the Debtor; the Combined Plaintiff's Response to Motion for Summary Judgment, Counter-Motion for Summary Judgment, and Brief (Adv. Dkt. 33)[2] filed by the Debtor; the Combined Response and Brief in Opposition to that Combined Motion for Summary Judgment and Supporting Brief Filed by Mary S. West (the "GJ Response") (Adv. Dkt. 37) filed by GJ; and the Combined Response and Brief in Opposition to that Combined Motion for

---

[2] Uniform Local Rule 7056-1(3)(A) requires each motion for summary judgment to be accompanied by a memorandum brief. MISS. BANKR. L.R. 7056-1(3)(A). The Debtor submitted the same document for electronic filing three times in an apparent attempt to satisfy the brief requirement in the local rule. As a result, the document was docketed three times, once as a response to the GJ Summary Judgment Motion (Adv. Dkt. 31), once as a motion for summary judgment (Adv. Dkt. 32), and once as a brief in support of the motion for summary judgment (Adv. Dkt. 33). Though there are three docket entries for the same document, the Court, for clarity, will refer to Adv. Dkt. 32 as the "Debtor Summary Judgment Motion" and will consider Adv. Dkt. 31 as a response to the GJ Summary Judgment Motion and Adv. Dkt. 33 as a brief in support of the Debtor Summary Judgment Motion.

Summary Judgment and Supporting Brief Filed by Mary S. West (the "GJ Response Brief") (Adv. Dkt. 38)[3] filed by GJ. The Debtor is represented by Richard R. Grindstaff, GJ is represented by Jon J. Mims, and Ephion and Tolliver are represented jointly by W. Bruce Lewis. After considering the pleadings and the record, the Court finds that (1) the Debtor Summary Judgment Motion should be granted in part and denied in part and (2) the GJ Summary Judgment Motion should be denied. Specifically, the Court finds as follows:[4]

### Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O). Notice of the Debtor Summary Judgment Motion and the GJ Summary Judgment Motion was proper under the circumstances.

### Facts

In making its determination of the facts, the Court must consider the Debtor Summary Judgment Motion and the GJ Summary Judgment Motion independently and view the evidence and inferences in the light most favorable to the nonmoving party. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). With that standard in mind, the Court finds that there are no genuine issues with respect to the following facts set forth in the Debtor Summary Judgment Motion and the GJ Summary Judgment Motion unless otherwise noted.

---

[3] Uniform Local Rule 7056-1(3)(B) requires each response to be accompanied by a memorandum brief. MISS. BANKR. L.R. 7056-1(3)(B). GJ submitted the same document for filing system twice in an apparent attempt to satisfy the brief requirement in the local rule. As a result, the document was docketed twice, once as a response to the Debtor's Brief (Adv. Dkt. 37) and again as a response to the Debtor Summary Judgment Motion (Adv. Dkt. 38). Though there are two docket entries for the same document, the Court, for clarity, will refer to Adv. Dkt. 37 as the "GJ Response" and will refer to Adv. Dkt. 38 as the "GJ Response Brief".

[4] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

**2010 Tax Sale**

1. On April 5, 2010, real property owned by the Debtor was sold to GJ for unpaid 2009 Wilkinson County taxes (the "2010 Tax Sale"). (GJ Summ. J. Mot. Ex. 4). The real property, described as "Parcel Number 21E7044 0800410, Sec. 38, Twn. 2N, Rng. 1E" (the "Real Property"), was sold for $3,813.40. (GJ Summ. J. Mot. Ex. 1).

2. On October 3, 2011, Tolliver issued the Notice of Forfeiture to the Debtor (the "Notice of Forfeiture") (GJ Summ. J. Mot. Ex. 4), which stated that any redemption of the Real Property must occur on or before April 2, 2012.

3. On March 8, 2012, the Debtor was personally served with the Notice of Forfeiture. (GJ Summ. J. Mot. Ex. 4).

**2011 Tax Sale**

4. On April 4, 2011, the Real Property was again sold for unpaid 2010 Wilkinson County taxes (the "2011 Tax Sale") (GJ Summ. J. Mot. Ex. 2). Publican Asset Management, LLC ("Publican") purchased the Real Property at the 2011 Tax Sale for $4,049.26. (*Id.*). On June 13, 2013, Publican transferred the certificate of the 2011 Tax Sale to GJ by virtue of a Quitclaim and Assignment of Certificate of Sale. (GJ Summ. J. Mot. Ex. 3).

5. In the Debtor Summary Judgment Motion, the Debtor stated that she had not received any notice about the expiration of the redemption period regarding the 2011 Tax Sale. As support for this claim, the Debtor attached "all notices that were given for both years" as a collective exhibit to the Debtor Summary Judgment Motion. (Debtor Summ. J. Mot. Ex. A). In the GJ Response, GJ did not address the Debtor's statement regarding the statutory notice requirements of the 2011 Tax Sale. The Court will address the Debtor's assertion regarding notice of the 2011 Tax Sale later in this Opinion.

**Procedural History**

6.     On March 30, 2012, the Debtor filed a petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code (the "Petition") (Bankr. Dkt. 1).

7.     On March 3, 2014, the Debtor filed the Complaint[5] stating that the 2010 Tax Sale and 2011 Tax Sale were conducted improperly and, as a result, should be deemed void. GJ filed the GJ Answer, Counterclaim, and Cross-Claim on March 17, 2014 stating that the 2010 Tax Sale was proper and that the Real Property is not an asset of the bankruptcy estate because the Debtor never redeemed the property. In its counterclaim, GJ argued that in the event the 2010 Tax Sale is deemed void, GJ is entitled to receive immediate payment of all taxes and interest from the Debtor. GJ argued in its cross-claim that if the 2010 Tax Sale is deemed void, then it is entitled to immediate payment from Tolliver for reimbursement of the amounts paid for taxes plus interest.

8.     On March 26, 2014, Ephion and Tolliver collectively filed the Ephion/Tolliver Answer and Tolliver individually filed the Tolliver Answer to Cross-Claim.

9.     On March 31, 2014, GJ filed the GJ Summary Judgment Motion claiming that the 2010 Tax Sale was proper and that the Complaint should be dismissed as a matter of law. GJ again argued that in the event the Court determines that the 2010 Tax Sale is void, GJ is entitled to payment, immediately, of all taxes and interest pursuant to Mississippi law. On April 2, 2014,

---

[5] The Debtor initially filed the Complaint to Set Aside Tax Sale (Adv. Dkt. 1) on April 29, 2013. In response, GJ, Tolliver, and Ephion collectively filed the Motion to Dismiss Complaint to Set Aside Tax Sale (Adv. Dkt. 14). The Debtor then filed the Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Motion to Amend Complaint (Adv. Dkt. 17). After a hearing, the Court issued the Order Granting Motion to Amend and Denying Motion to Dismiss Complaint without Prejudice (Adv. Dkt. 23) on February 19, 2014 allowing the Debtor to amend her complaint, which resulted in the Complaint being filed on March 3, 2014.

the Debtor filed the Debtor Summary Judgment Motion stating that both the 2010 Tax Sale and the 2011 Tax Sale were improper procedurally and, therefore, should be deemed void.

10. On April 25, 2014, GJ filed the GJ Response[6] stating that all of the statutory requirements were met regarding the 2010 Tax Sale. Neither the GJ Response nor the GJ Response Brief addressed the 2011 Tax Sale.

## Discussion

**A.     Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), made applicable to the Adversary by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate when viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Rule 56(c)(1) provides, in relevant part:

---

[6] Uniform Local Rule 7056-1(3)(B) requires a respondent to a motion for summary judgment to file its response and memorandum brief within 21 days of service of the motion for summary judgment and supporting memorandum. MISS. BANKR. L.R. 7056-1(3)(B). In the Adversary, GJ filed the GJ Response and the GJ Response Brief on April 25, 2014, 23 days after the Debtor filed the Debtor Summary Judgment Motion on April 2, 2014. The Court, after considering the totality of the circumstances, finds that the Debtor has not suffered any prejudice due to the delinquent filings by GJ. Some of the factors the Court weighed in its decision are that (1) the filings were only two days late and (2) the Court gave the Debtor the customary amount of time to file a reply to the GJ Response. *See* MISS. BANKR. L.R. 7056-1(3)(C) ("The movant may file a reply within 14 days after the response is served."). Therefore, the Court will consider the GJ Response and the GJ Response Brief in its analysis of the Debtor Summary Judgment Motion.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). "Summary judgment . . . serves, among other ways, to root out, narrow, and focus the issues, if not resolve them completely." *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993). Ultimately, the role of this Court is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). When, as here, both parties have filed motions for summary judgment, the Court must rule on each motion on an individual and separate basis. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538-39 n.8 (5th Cir. 2004). To this end, the Court will address the Debtor Summary Judgment Motion first.

**B.     Debtor Summary Judgment Motion**

In the Debtor Summary Judgment Motion, the Debtor asserts that both the 2010 Tax Sale and the 2011 Tax Sale were not properly conducted under Mississippi law and, therefore, should be set aside as void. Specifically, the Debtor states that she did not receive proper notice of the expiration of the redemption period for either of the tax sales. Under Mississippi law, land owners have two (2) years to redeem property sold for taxes. MISS. CODE ANN. § 27-45-3. Sections 27-43-1 and 27-43-3 of the Mississippi Code of 1972 ("Section 27-43-1" and "Section 27-43-3", respectively) establish the procedure for providing notice to property owners for the redemption process. *See* MISS. CODE ANN. §§ 27-43-1, 27-43-3. Section 27-43-1 states, in relevant part:

> The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption with respect to land sold . . . be required to issue notice to the record owner of the land sold.

MISS. CODE ANN. § 27-43-1. Section 27-43-3 provides the methods in which the redemption notice must be provided to property owners, which include personal service by the sheriff. *See* MISS. CODE ANN. § 27-43-3. Courts have found that "[a]ny deviation from the statutorily mandated procedure renders the sale void." *Roach v. Goebel*, 856 So. 2d 711, 716 (Miss. Ct. App. 2003) (citing *Hart v. Catoe*, 390 So. 2d 1001, 1003 (Miss. 1980)). In determining whether the Debtor is entitled to summary judgment on her claims, the Court will analyze whether, based on the undisputed material facts, each tax sale complied with the requisite notice procedures.

### 1. 2010 Tax Sale

The deadline for the Debtor to redeem the Real Property for the 2010 Tax Sale was April 2, 2012. (*See* Debtor Summ. J. Mot. Ex. A, P. 1; GJ Summ. J. Mot. Ex. 4). On October 3, 2011, Tolliver issued the Notice of Forfeiture, and on March 8, 2012, the Debtor was served with the Notice of Forfeiture. (*See* Debtor Summ. J. Mot. Ex. A, Ps. 1 & 5). Based on these undisputed facts, it is evident that the Notice of Forfeiture was not provided in accordance with the requirements stated in Section 27-43-1. *See* MISS. CODE ANN. § 27-43-1 (requiring notice to be given "within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption").

There is a dispute between the Debtor and GJ as to whether Section 27-43-1 merely requires issuance of the Notice of Forfeiture rather than personal service of the Notice of Forfeiture within the mandated time period. In *Tofino Holdings, LLC v. Donnell and Sons, LLC*, the Mississippi Court of Appeals resolved that question by holding that a notice of the expiration of a redemption period did not comport with the requirements of Section 27-43-1 and Section

27-43-3 when the *personal service* by the sheriff did not occur within the mandated time frame. 119 So. 3d 358 (Miss. Ct. App. 2012); *see also Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991) ("Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowner.") (citation omitted). Therefore, the Court finds that Section 27-43-1 requires personal service within the time frame prescribed by the statute. In the case at bar, the Notice of Forfeiture was served on March 8, 2012, exactly 25 days prior to the expiration of the redemption period. This does not comport with the statutory requirement that notice be given "not less than sixty (60) days" prior to the expiration of the redemption period.[7] *See* MISS. CODE ANN. § 27-43-1.

GJ argues that in the event Section 27-43-1 does require personal service as opposed to issuance, the Notice of Forfeiture technically was given within the required time frame because 11 U.S.C. § 108(b) ("Section 108(b)") extended the amount of time for the chapter 13 trustee to exercise redemption of the Real Property by 60 days. The Court does not find GJ's argument persuasive. Section 108(b) provides that any unexpired time limit set for certain acts, such as exercising the right of redemption, is extended for a minimum of sixty days. 11 U.S.C. § 108(b). At the time the Petition was filed, the Notice of Forfeiture had already been served on the Debtor outside the 120-day time frame provided by Section 27-43-1. Therefore, notice of the expiration of the redemption period was already improper when the Petition was filed and Section 108(b) went into effect. Section 108(b) was not intended to remedy retroactively a chancery clerk's failure to provide proper notice. In addition, GJ does not cite any authority in support of its

---

[7] Assuming, *arguendo*, that Section 27-43-1 requires *issuance* of the Notice of Forfeiture within the stated time frame, notice would still be improper because the Notice of Forfeiture was issued on October 3, 2011, exactly 182 days prior to the expiration of the redemption period, not "[w]ithin one hundred eighty (180) days" of the expiration of the redemption period as required by the statute. *See* MISS. CODE ANN. § 27-43-1.

assertion that the extension of time granted under Section 108(b) would affect the time period required by Section 27-43-1.

After viewing the evidence in the light most favorable to the nonmoving party, the Court finds that the undisputed facts show that the Notice of Forfeiture was not given in accordance with Section 27-43-1. Therefore, the Court finds that the Debtor Summary Judgment Motion should be granted as to the Debtor's claim that the 2010 Tax Sale should be set aside as void.

**2.     2011 Tax Sale**

The Debtor also asserts that the 2011 Tax Sale should be set aside as void because notice of the redemption period was improperly given. In the Debtor Summary Judgment Motion, the Debtor states that she did not receive any notice about the expiration of the redemption period regarding the 2011 Tax Sale. As her only support for this claim, the Debtor attached "all notices that were given for both years" as a collective exhibit to the Debtor Summary Judgment Motion. (Debtor Summ. J. Mot. Ex. A). In the GJ Response and the GJ Response Brief, GJ did not address the Debtor's statement regarding the statutory notice requirements of the 2011 Tax Sale.

The Court finds that the Debtor has not satisfied her initial burden under Rule 56 by making a prima facie showing that she is entitled to summary judgment on her claim regarding the 2011 Tax Sale. *See Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727 (3d ed. 1998). The Debtor's short, unsworn statement regarding the 2011 Tax Sale in the Debtor Summary Judgment Motion and the particular parts of the record that she cites do not sufficiently demonstrate an absence of a genuine issue of material fact. *See* FED. R. CIV. P. 56(a) & (c); *Celotex Corp.*, 477 U.S. at 322-23. Moreover, due to the deficiency of the record regarding the 2011 Tax Sale, the Court exercises its discretion under Rule 56(a) and finds that

the Debtor Summary Judgment Motion should be denied as to the 2011 Tax Sale to allow a fuller development of the record at trial.[8] *See Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

**C.    GJ Summary Judgment Motion**

In the GJ Summary Judgment Motion, GJ asserts that the 2010 Tax Sale was proper and, therefore, the Complaint should be dismissed as a matter of law. Since the Court has found that the 2010 Tax Sale should be set aside as void, the GJ Summary Judgment Motion asserting that the 2010 Tax Sale is valid should be denied. GJ argues in the alternative that if the 2010 Tax Sale is void, GJ is entitled to immediate payment of all taxes and interest pursuant to Sections 27-45-1, 27-45-3, and 27-45-27 of the Mississippi Code of 1972. The Court recognizes that under Mississippi law, the voidance of the 2010 Tax Sale does entitle GJ to statutory damages. *See* MISS. CODE ANN. §§ 27-43-1 to 27-45-29. However, the calculation of the damages owed to GJ, as well as the potential treatment of such debt in light of the Bankruptcy Case, will vary depending on the resolution of the Debtor's claim regarding the 2011 Tax Sale. For this reason, the determination of the damages owed to GJ and the subsequent treatment in the Bankruptcy Case of any amounts owed are premature at this juncture. Therefore, the Court finds that these issues should be reserved until after a trial in the Adversary.

---

[8] Rule 56 was amended in 2010, but the revisions were stylistic only and did not change the standard for granting summary judgment. FED. R. CIV. P. 56 advisory committee notes; *see also Good Hope Constr., Inc. v. RJB Fin., LLC (In re Grand Soleil-Natchez, LLC)*, No. 12-00013-NPO (Bankr. S.D. Miss. Aug., 13, 2013).

**Conclusion**

For the above and foregoing reasons, the Court concludes that the Debtor Summary Judgment Motion should be granted as to the voidance of the 2010 Tax Sale and denied as to the voidance of the 2011 Tax Sale. In addition, the Court concludes that the GJ Summary Judgment Motion should be denied. By separate notice, the Court will schedule a status conference to (1) set a deadline for entry of a pretrial order; (2) schedule a pretrial conference, if requested; and (3) set the Adversary for trial on the remaining claims. *See* Adv. Dkt. 23.

IT IS, THEREFORE, ORDERED that the Debtor Summary Judgment Motion is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that the GJ Summary Judgment Motion is hereby denied.

##END OF ORDER##